UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNIE WILLIS,

    Petitioner,

v.

WESTERN STATE HOSPITAL,

    Respondent.

CASE NO. C11-0953-RSL-MAT

ORDER TO SHOW CAUSE

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 4.) He seeks to challenge a December 3, 2010 order revoking his conditional release from Western State Hospital. However, for the reasons explained below, it appears that this habeas petition is subject to dismissal.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to

ORDER TO SHOW CAUSE
PAGE -1

resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Here, petitioner concedes he has not yet sought any relief in state court. (*See* Dkt. 4 at 3-13.) Accordingly, petitioner may not at this time pursue habeas relief in this Court.[1]

The Court additionally identifies two other deficiencies in the petition. First, Western State Hospital is not a proper respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. Second, petitioner alleges only that he is being held "unlawfully." (Dkt. 4 at 6.) However, a petitioner seeking habeas relief must prove that his custody violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994). Petitioner fails to identify any federal constitutional claims. As such, if petitioner were able to establish

---

[1] Petitioner should inquire into any state court deadlines relating to the revocation order at issue. The Court notes that, for example, a state court petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. RCW 10.73.090(1).

ORDER TO SHOW CAUSE
PAGE -2

exhaustion, he would have to identify both a proper respondent and federal constitutional claims in an amended petition in order to pursue this case.

The Court also notes that it does not have a proper address for petitioner. The address of record appears to be a residence, as opposed to petitioner's current place of confinement. In responding to this Order, petitioner must confirm his current address.

Given the above, petitioner is hereby ORDERED to show cause why this petition should not be dismissed without prejudice within **forty-five (45) days** of the date of this Order. The Clerk is directed to send a copy of this Order to petitioner and to the Honorable Robert S. Lasnik.

DATED this 22nd day of June, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge